IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02174-PAB-MDB

ARLEEN AGUIRRE,

   Plaintiff,

v.

PUEBLO SCHOOL DISTRICT NO. 60,

   Defendant.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Opposed Motion and Notice of Plaintiff's Intent to Present Hearsay Evidence Pursuant to the Residual Exception [Docket No. 37]. Plaintiff seeks to introduce hearsay evidence at trial under Federal Rule of Evidence 807. *Id.* at 1. Defendant Pueblo School District No. 60 ("the District") filed a response opposing plaintiff's motion, Docket No. 40, and plaintiff filed a reply. Docket No. 41.

**I. BACKGROUND**

On August 10, 2021, plaintiff Arleen Aguirre filed suit against the District. Docket No. 1. The operative complaint brings claims of retaliation and race based discrimination in violation of 42 U.S.C. §§ 2000e-3(a), 2000e-2(a)(1) ("Title VII"), breach of contract, and *ultra vires* termination in violation of Colo. Rev. Stat. § 22-32-109 based on the decision to cancel in-person Spanish instruction at Central High School in Pueblo, Colorado and displacing plaintiff from her job as a Spanish teacher. Docket No. 20 at 11-13, ¶¶ 49-64. The Court dismissed plaintiff's claims for retaliation and *ultra vires* termination. Docket No. 64 at 20.

The District informed plaintiff that she was being displaced on April 2, 2020. Docket No. 20 at 8, ¶ 30. Ms. Aguirre's collective bargaining representative, the Pueblo Education Association ("PEA"), filed a grievance on behalf of plaintiff. *Id.* at 8-9, ¶ 34. On November 6, 2020, an advisory arbitration hearing was held on PEA's grievance. Docket No. 37 at 1, ¶ 1. The advisory arbitration opinion recommended denying PEA's grievance and the School Board voted to accept the recommendation. *Id.* at 3, ¶ 10. Barbara Clementi was one of the Board members who voted to deny PEA's grievance. *Id.*

Ray Aguilera, a city councilperson for Pueblo, testified under oath at the arbitration hearing "that a member of the District's Board of Education [], Barbara Clementi, stated that it was possible that the in-person Spanish program at Central High School might be reinstated, but with a different teacher than Aguirre." *Id.* at 2, ¶ 4. Ms. Clementi denied making that statement at her deposition in this case. *Id.* ¶ 5. Mr. Aguilera is now deceased. *Id.* at 3, ¶ 12. Although the arbitration hearing was recorded, a copy of Mr. Aguilera's testimony no longer exists.[1]  *Id.* at 2, ¶ 7.

## II. LEGAL STANDARD

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Lewis*, 594 F.3d 1270, 1282 (10th Cir. 2010) (quoting Fed. R. Evid. 801(c)). Hearsay statements are generally not admissible at trial unless an exception applies. *See* Fed. R. Evid. 802. Statements by an opposing party offered against the party are

---

[1] Plaintiff does not identify how she knows that Mr. Aguilera testified as she claims, outside of stating she was present for his testimony, Docket No. 37 at 3, ¶ 12, but defendant does not challenge the accuracy of his claimed testimony.

not hearsay.  Fed. R. Evid. 801(d)(2).  When a statement contains multiple levels of hearsay, "each part of the combined statements [must] conform[] with an exception to the rule."  See Fed. R. Evid. 805.

Under the residual hearsay exception, a statement that "is not admissible under a hearsay exception in Rule 803 or 804" is admissible if (1) it has "sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement" and (2) "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts."  Fed. R. Evid. 807(a).

## III.  ANALYSIS

Plaintiff seeks to introduce Mr. Aguilera's testimony "that a member of the District's Board of Education [], Barbara Clementi, stated that it was possible that the in-person Spanish program at Central High School might be reinstated, but with a different teacher than Aguirre."  Docket No. 37 at 2, ¶ 4.  The District opposes plaintiff's motion, arguing that Mr. Aguilera's testimony is not trustworthy, material, probative, or necessary to serve the interests of justice and that plaintiff fails to address the multiple levels of hearsay in Mr. Aguilera's testimony.  Docket No. 40 at 4-12.

The District argues the testimony Ms. Aguirre seeks to admit is inadmissible as hearsay within hearsay.  Id. at 6-7.  "[W]here multiple statements amount to hearsay, each step in the hearsay chain must overcome admissibility problems."  Li Zu v. Avalon Health Care, Inc., 806 F. App'x 610, 624 (10th Cir. 2020) (unpublished) (citing Fed. R. Evid. 805).  The District argues that Ms. Aguirre must demonstrate that Ms. Clementi's statement that the Spanish program might return with a new teacher is admissible

3

before Mr. Aguilera's testimony can be considered. Docket No. 40 at 6-7. Plaintiff responds that Ms. Clementi's statement is admissible as a party admission under Fed. R. Evid. 801(d)(2)(D). Docket No. 41 at 1-2.

Rule 801 provides that a statement offered against an opposing party that "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed" is not hearsay. Fed. R. Evid. 801(d)(2)(D). "[T]o come within Rule 801(d)(2)(D)'s scope requirement in employment-discrimination cases, the declarant must be '*involved in* the decisionmaking process affecting the employment action at issue.'" *Cruz v. Farmers Ins. Exch.*, 42 F.4th 1205, 1214 (10th Cir. 2022) (alteration in original) (quoting *Johnson v. Weld Cty.*, 594 F.3d 1202, 1209 (10th Cir. 2010), and *Jaramillo v. Colo. Jud. Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005) (per curiam)). The declarant, however, need not be the ultimate decisionmaker. *Id.*

The District argues that, based on plaintiff's own allegations, Ms. Clementi was not involved in the decision to displace plaintiff and therefore her statements are not properly considered as party admissions. Docket No. 40 at 6. In her second amended complaint, plaintiff alleges that "the Board's actions constituted a mere rubber stamp of the decision to displace Aguirre," the decision the Board reviewed "did not consider, as an issue to be resolved, whether Aguirre's displacement was an appropriate decision as a matter of educational policy," and the decision to displace Aguirre was made "by subordinate District administrators" without approval from the Board. Docket No. 20 at 9, 10, 12, ¶¶ 40, 41, 61. Plaintiff responds that the District has denied that the Board simply "rubber stamp[ed]" the decision to displace Ms. Aguirre. Docket No. 41 at 2. Moreover, plaintiff states that Ms. Clementi was nevertheless involved in the decision-

4

making process, even if she was not the ultimate decisionmaker. *Id*. The parties agree that the Board, including Ms. Clementi, voted on PEA's grievance regarding Ms. Aguirre's displacement. Docket No. 37 at 3, ¶ 10; Docket No. 40 at 2, 3, ¶¶ 4, 12.

Plaintiff has not demonstrated that Ms. Clementi's statement is a party admission. First, in now claiming thar Ms. Clementi and the Board were involved in decision to displace plaintiff and that the Board's acceptance of the arbitration recommendation was approval of the displacement decision, plaintiff is taking inconsistent litigation positions as compared to her briefing on the motion to dismiss. *See* Docket No. 31 at 13-15. The Court, having relied and ruled on her briefing on the motion to dismiss, will not recognize the change of position here. Second, there are no plausible allegations that Ms. Clementi was involved in the decision to displace plaintiff as a decisionmaker. The second amended complaint alleges that, by the time the Board reviewed PEA's grievance, plaintiff's displacement was already a "*fait accompli*," Docket No. 20 at 10, ¶ 41, meaning that Ms. Clementi could not have impacted the decision. The complaint also alleges that deciding whether plaintiff's displacement was sound policy was not a part of the grievance the Board considered and that the Board only considered whether her displacement was a disguised disciplinary action and whether plaintiff and PEA received appropriate notice. *Id.* at 9, ¶ 40. If the Board did not consider the propriety of plaintiff's displacement, Ms. Clementi could not have been a decisionmaker on plaintiff's displacement. Thus, the Court finds that Ms. Clementi is not an "opposing party."

Plaintiff has failed to show that Ms. Clementi's statement that the Spanish program may be reinstated with a different teacher is nonhearsay or hearsay subject to an exclusion. Accordingly, plaintiff may not introduce Mr. Aguilera's testimony, even if his

5

testimony would fall under an exception to the rule excluding hearsay, because plaintiff cannot demonstrate the admissibility of each layer of hearsay.  *See* Fed. R. Evid. 805. Accordingly, the Court will deny plaintiff's motion.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Opposed Motion and Notice of Plaintiff's Intent to Present Hearsay Evidence Pursuant to the Residual Exception [Docket No. 37] is **DENIED.**

DATED March 10, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge